The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BILLIE J. REYNOLDS, | ) | CASE NO. 10-63787 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

    The chapter 13 trustee, Toby L. Rosen ("Trustee"), objects to confirmation of debtor Billie J. Reynolds' ("Debtor") chapter 13 plan, alleging a failure to contribute all disposable income into the plan pursuant to 11 U.S.C. § 1325(b). The court held a hearing on May 25, 2011 and the parties submitted memoranda in support of their respective positions. The court now decides whether the plan is confirmable.

    The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

    The dispute is centered on the permissible transportation amounts Debtor can deduct on the means test. At filing, Debtor identified herself as single with a twenty-one year old dependent daughter. She is an above-median debtor. According to Schedule B, she is the titled owner of three vehicles:

    - a 2005 Chrysler PT Cruiser with 68,000 miles valued at $7,650.00
    - a non-running 1999 Ford Crown Victoria with 180,000 miles valued at $1,500.00

- a non-running 1994 Ford Taurus with 120,000 miles valued at $400.00

On line 27A of her amended means test, Debtor claimed ownership of two or more vehicles. She then deducted $820.00 in expenses related to the vehicles. This represents operating costs for two cars ($420.00) plus an additional allowance of $400.00, $200.00 for two vehicles based on the age and mileage of the vehicles.

Trustee challenges Debtor's right to the deductions, arguing that the deductions are not permissible and therefore have improperly deflated Debtor's disposable income. Trustee's argument is two-fold. First, she objects to Debtor taking deductions for a non-working vehicle. Second, Trustee argues that if one of the vehicles is for Debtor's daughter, the twenty-one year old daughter should be paying the associated vehicle expenses, not Debtor. Debtor contends she has appropriately and accurately completed the means test by including these expenses.

## LAW

In the face of Trustee's objection, confirmation hinges on Debtor's contribution of her projected disposable income to the plan. 11 U.S.C. § 1325(b)(1)(B). Although "projected disposable income" is not precisely defined in the code, "disposable income," for an above-median debtor, is current monthly income less the expenses allowed under section 707(b)(2). 11 U.S.C. § 1325(b)(2), (3). Deductions for transportation expenses are covered by the national and local standards referenced in 11 U.S.C. § 707(b)(2)(A)(ii)(I).

First, it is important to discuss what the question in this case is not. It is not whether a debtor can pay expenses for a twenty-one year old dependent. Although Trustee makes this argument, Debtor does not. Debtor's position is that it doesn't matter who ultimately uses the second vehicle because "the deduction for Operating Expenses on the Means Test is for the benefit of the debtor, not her adult child." (Debtor's Brief, p. 4.) Consequently, the court will not consider this argument.

At the time of Debtor's filing, the transportation expense standards included operating costs of $210.00 for one car and $420.00 for two cars. See United States Department of Justice, IRS Local Transportation Expense Standards - Midwest Census Region (Cases Filed Between March 15, 2010 and October 31, 2010, Inclusive), http://www.justice.gov/ust/eo/bapcpa/20100315/bci_data/IRS_Trans_Exp_Stds_MW.htm Thus, if Debtor is allowed to expense two vehicles, the amount she deducted is correct. Trustee contends a debtor should not be able to deduct operating expenses for a car that is not operating. Although there is an obvious appeal to this argument, court must consider whether it is statutorily sound.

The Supreme Court's decision in Ransom v. FIA Card Services, N.A. offers guidance on the question before the court. 131 S.Ct. 716 (2011). In Ransom, the Supreme Court determined that debtors who owned vehicles free and clear, and therefore did not make loan or lease payments, were not eligible to take an ownership deduction. The same analysis used by the Supreme Court is appropriate on these facts.

The basic concept of disposable income hasn't varied since BAPCPA was enacted. Disposable income is still the difference between current income and reasonable expenses. Prior to BAPCPA, reasonable expenses were determined case by case. BAPCPA changed the landscape by adopting a more formulaic format for calculating reasonable expenses for an above-median debtor. Now, the means test provides that a debtor's "monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards . . . ." 11 U.S.C. § 707(b)(2)(A)(ii)(I). Transportation expenses are included in the local IRS standards.

Contrary to Debtor's argument, the mere presence of an expense in a standards table does not make it "applicable." "[A]n expense amount is 'applicable' within the plain

meaning of the statute when it is appropriate, relevant, suitable, or fit." Id. at 724.

In Ransom, the Supreme Court re-injected, to a lesser degree, a case by case review of expenses when it stated that, in order to determine whether an expense is "applicable" or "appropriate", a court must look "at the financial situation of the debtor and ask[] whether a National or Local Standard table is relevant to him." Id.

> Because Congress intended the means test to approximate the debtor's reasonable expenditures on essential items, a debtor should be required to qualify for a deduction by actually incurring an expense in the relevant category. If a debtor will not have a particular expense during his plan, an allowance to cover that cost is not "reasonably necessary" within the meaning of the statute.

Id. at 725. (footnote omitted)

With this guidance, it is clear that a debtor who owns a car that does not run is not going to incur operating costs for the vehicle. The expense is neither reasonable, applicable nor appropriate for a non-operational vehicle.

Debtor relies on the Kimbro decision from the Sixth Circuit Bankruptcy Appellate Panel, suggesting that although the decision was overruled as it pertains to ownership expenses, the analysis can be nonetheless be used in reviewing operating expenses. Hildebrand v. Kimbro (In re Kimbro), 389 B.R. 518 (B.A.P. 6th Cir. 2008) *overruled by* Hildebrand v. Kimbro (In re Kimbro), 409 Fed.Appx. 930 (6th Cir. 2011). This is folly. Ransom comprehensively dismantled Kimbro, which is why the Sixth Circuit reversed the Bankruptcy Appellate Panel. Debtor wants blind application of the national and local standards, with no view toward reality. Ransom militates against this.

Debtor also cites cases that allow a single debtor to deduct operating expenses for more than one car. These cases are assailable. First, not one discussing a debtor who was permitted to take an operating expense for a car that did not run. Second, none of the cases are binding authority on this court. Third, all the decisions are pre-Ransom. Fourth, this court has recognized the potential for bad faith when a single debtor attempts to claim expense deductions for two cars. *See, e.g.*, In re Predragovich, Case No. 10-60259 (Bankr. N.D. Ohio August 16, 2010).

In addition to claiming operating expenses for two vehicles, Debtor also claimed an additional operating expense of $200.00 for two vehicles. The foundation for the deduction is found in § 5.8.5.20.3 of the Internal Revenue Manual. The manual offers guidance to IRS collection officers in determining transportation expenses for delinquent taxpayers. The manual states "[i]n situations where the taxpayer has a vehicle that is currently over six years old or has reported mileage of 75,000 miles or more, an additional monthly operating expense of $200 will generally be allowed per vehicle."

The court does not need to determine whether the additional $200.00 is part of the local transportation standard for operating expenses. The inability to claim operating expenses for the non-working vehicles eliminates Debtor's claim to the additional allowance for either the 1999 Ford Crown Victoria or the 1994 Ford Taurus. And Debtor's functioning auto, the 2005 Chrysler PT Cruiser, does not meet the qualifying age or mileage criteria.

The court finds that Debtor inaccurately claimed expenses on her means test. Debtor is not entitled to operating expenses or the additional allowance for a non-working vehicle, nor can she claim the additional allowance for a vehicle that meets neither the age or mileage criteria specified in the Internal Revenue Manual. Debtor's disposable income has not been correctly calculated and confirmation must be denied.

An order will be entered immediately.

#   #   #

**Service List**:

Edward S Lake
Edward Lake & Associates, LLC
4450 Belden Village Street
Suite 804
Canton, OH 44718

Billie J Reynolds
2252 Poplar Street, SE
PO Box 233
East Sparta, OH 44626

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702